No. 24-1109 (Consolidated with Nos. 24-1107 (lead) and 24-1110)

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES STEEL CORPORATION, et al.
*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.
*Respondents*.

On Petition for Review of an Agency Action
of the United States Environmental Protection Agency

**Petitioner United States Steel Corporation's Reply in
Support of its Motion to Transfer**

John D. Lazzaretti
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, Ohio 44114

Kendra A. Jones
David W. Hacker
The Law Department of
United States Steel Corporation
600 Grant Street, Ste. 1800
Pittsburgh, PA 15219-2800

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..............................................................................................................1

ARGUMENT ....................................................................................................................2

    I.    28 U.S.C. § 2112 Requires Transfer to the Eighth Circuit. ...................2

    II.    Section 7607(b)(1) of the Clean Air Act and 28 U.S.C. § 2112 Are Not in Conflict. ..............................................................................4

        A.    28 U.S.C. § 2112 is a Mechanical Rule. ....................................4

        B.    The Clean Air Act's Venue Provision Does Not Supersede 28 U.S.C. § 2112. ......................................................6

        C.    Disregarding 28 U.S.C. § 2112 Will Create Confusion and Risks Conflicting Orders .......................................................9

    III.    U. S. Steel Has Not Waived Venue ......................................................10

CONCLUSION ...............................................................................................................11

# **TABLE OF AUTHORITIES**

**Pages(s)**

**Cases**

*BASF Wyandotte Corp. v. Costle*,
 582 F.2d 108 (1st Cir. 1978)......................................................................3, 6, 10

*City of Gallup v. FERC*,
 702 F.2d 1116 (D.C. Cir. 1983) ............................................................................4

*Dayton Power & Light Co. v. EPA*,
 520 F.2d 703 (6th Cir. 1975) ................................................................................8

*Midwest Video Corp. v. United States*,
 362 F.2d 259 (8th Cir. 1966) ................................................................................5

*Nat'l Parks Conservation Ass'n v. EPA*,
 991 F.3d 681 (5th Cir. 2021) ............................................................................4, 7

*Nat'l Pork Products Council v. EPA*,
 635 F.3d 738 (5th Cir. 2011) ................................................................................3

*Nat. Res. Def. Council, Inc. v. EPA*
 465 F.2d 492 (1st Cir. 1972) ................................................................................3

*Nat. Res. Def. Council v. EPA*,
 673 F.2d 392 (D.C. Cir. 1980) .............................................................................9

*NLRB. v. Bayside Enterprises, Inc.*,
 514 F.2d 475 (1st Cir. 1975)..............................................................................6, 9

*Superior Indus. Int'l, Inc. v. NLRB*,
 865 F.2d 1 (1st Cir. 1988)..................................................................................4, 8

**Statutes**

28 U.S.C. § 2112................................................................................................ 1-9, 11

28 U.S.C. § 2112(a) .............................................................................................2, 3, 9

28 U.S.C. § 2112(a)(1)...............................................................................................2

28 U.S.C. § 2112(a)(5)................................................................................................3

42 U.S.C. § 7607(b)(1).................................................................................... 2, 4, 6-9

**Other Authorities**

89 Fed. Reg. 16,408 (March 6, 2024)........................................................................1

Review of Administrative Agencies—Transfer of Administrative
　Review Proceedings, 16 Fed. Prac. & Proc. Juris. § 3944 (3d ed.)......................5

Fed. Ct. App. Manual § 17:15 (7th ed.) § 17:15........................................................5

Local Circuit Rule 27(f)............................................................................................1

## **INTRODUCTION**

The opposition briefs address the wrong issue. The question before this Court is not where venue should lie, but only which Court has authority to decide venue. On that question, the material facts are undisputed and the law is clear.

It is undisputed that multiple petitions have been filed challenging the same rule of the United States Environmental Protection Agency ("EPA") entitled "National Emission Standards for Hazardous Air Pollutants: Taconite Iron Ore Processing," 89 Fed. Reg. 16,408 (March 6, 2024) ("Rule"). This includes the consolidated challenges in this Court filed by United States Steel Corporation ("U. S. Steel"), Cleveland-Cliffs, Inc., and Fond Du Lac Band of Lake Superior Association and Save Our Sky Blue Waters (the "Non-Profit Petitioners"). It is further undisputed that U. S. Steel's Eighth Circuit petition was the first initiated.

These facts are dispositive. Challenges to the same agency rule filed in different courts are to proceed according to 28 U.S.C. § 2112, and under that statute, when as here the petitions are not filed in the first 10 days, they are to proceed in the court where the first challenge was initiated. Even if a party intends to dispute the venue of that court, the dispute must be raised there.

EPA and the Non-Profit Petitioners attempt to distract this Court from 28 U.S.C. § 2112's mandate by arguing that this Court should ultimately have venue under 42 U.S.C. § 7412, but this is precisely the type of argument the mandatory and

1

mechanical transfer requirements of 28 U.S.C. § 2112 were meant to foreclose. Thus, while U. S. Steel disputes their contentions that the Rule—which applies only to facilities processing a single type of ore that runs across a small portion of two States—is "nationally applicable," and U. S. Steel disagrees that 42 U.S.C. § 7607(b)(1) places venue in this Court, that issue is irrelevant to deciding U. S. Steel's Motion to Transfer. Whether the Rule is regional or national is a question that must be decided by the Eighth Circuit.

Indeed, EPA has already challenged venue in the Eighth Circuit and EPA's motion will be fully briefed the same day as this Motion to Transfer. It now asks this Court to decide the same issue simultaneously, creating the very conflict and confusion that 28 U.S.C. § 2112 meant to avoid.

Under the undisputed facts, transfer of these consolidated cases to the Eighth Circuit is mandatory. U. S. Steel therefore respectfully requests that this Court grant its Motion to Transfer.

## ARGUMENT

### I. 28 U.S.C. § 2112 Requires Transfer to the Eighth Circuit.

The language in 28 U.S.C. § 2112(a)(1) is clear: when (as in this instance) petitions for review of an agency order are filed in multiple courts more than ten days after issuance of the order, all challenges shall be transferred to the court which received the first-filed petition. No party disputes this reading of the statute. Nor

2

does any party dispute that the Rule has been challenged both in the Eighth Circuit and this Court, or that the first challenge was filed in the Eighth Circuit. Further, no party disputes that the Rule constitutes an "order" under 28 U.S.C. § 2112.[1] Nor can they. Challenges to EPA regulations are routinely transferred under 28 U.S.C. § 2112(a). *See BASF Wyandotte Corp. v. Costle*, 582 F.2d 108 (1st Cir. 1978) (challenges to interim final rule); *Nat'l Pork Products Council v. EPA*, 635 F.3d 738 (5th Cir. 2011) (challenge to revised regulations); *Nat. Res. Def. Council, Inc. v. EPA*, 465 F.2d 492, 496 (1st Cir. 1972) (challenging extensions of the statutory deadline for attainment of air quality standards for transportation-related pollutants).

Under these circumstances, transfer is required by 28 U.S.C. § 2112(a)(5), which provides that "[a]ll courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed pursuant to this subsection, ***shall transfer*** those proceedings to the court in which the record is so filed." (Emphasis added.) While EPA has not yet filed the record, it is required to file it in the Eighth Circuit as the first-filed forum (and now per the Eighth Circuit Court Clerk's order, by June 17, 2024). *See* Exhibit D, U. S. Steel Mot. to Transfer.

---

[1] They dispute whether the Rule is an "order" under 42 U.S.C. § 7412, but as discussed below, that is an issue of venue, which is already being addressed by the Eighth Circuit.

3

## II. Section 7607(b)(1) of the Clean Air Act and 28 U.S.C. § 2112 Are Not in Conflict.

EPA and the Non-Profit Petitioners attempt to create a conflict where none exists. They both claim that U. S. Steel is relying on 28 U.S.C. § 2112 as a way to nullify the venue provisions under Clean Air Act § 7607(b)(1). EPA Opp. at pp. 8-10; Non-Profit Petitioners Opp. at pp. 6-8. Not so. Clean Air Act § 7607(b)(1) and 28 U.S.C. § 2112 work in harmony. Section 2112 is a mechanical rule for consolidating challenges to the same rule brought in multiple courts. Venue can then be raised in the court to which the cases have been transferred. To hold otherwise, as the opposition requests, would create the very conflict that they claim to want to avoid.

### A. 28 U.S.C. § 2112 is a Mechanical Rule.

Courts have long held that "§ 2112 is intended to be a mechanical rule for determining which court should determine venue in the case of conflicting petitions for review." *Superior Indus. Int'l, Inc. v. NLRB*, 865 F.2d 1, 2 (1st Cir. 1988); *see also City of Gallup v. FERC*, 702 F.2d 1116, 1121 (D.C. Cir. 1983) (noting that "the process is essentially mechanical" whereby "[t]he court of first filing must be established, and then, once all petitions have been consolidated in that court, it must be determined whether the 'convenience of the parties in the interest of justice' counsels transfer to yet another circuit."); *Nat'l Parks Conservation Ass'n v. EPA*, 991 F.3d 681, 685 (5th Cir. 2021) (reiterating that "§ 2112 provides a 'mechanical rule for determining which court should determine venue in the case of conflicting

4

petitions for review' and noting that "[s]pecifically, '[i]f proceedings are instituted in two or more courts of appeals with respect to the same [administrative agency] order,' then the court in which the proceedings 'were first instituted' should determine venue.") (internal citations omitted); *Midwest Video Corp. v. United States*, 362 F.2d 259, 260 (8th Cir. 1966) (holding that where the petition was first filed in the D.C. Circuit, that "[t]he plain language of [2112] . . . requires that the case be transferred" to that circuit). Indeed, it is hornbook law. *See* Fed. Ct. App. Manual § 17:15 (7th ed.) § 17:15 ("When the elapsed time between the filing of two petitions [and the date the agency issues the order] is more than ten days, the statute directs the agency to file the record in the circuit where the first petition was filed. Thereafter, any later petitions ***must*** also be transferred to that circuit.") (emphasis added); *see also* Review of Administrative Agencies—Transfer of Administrative Review Proceedings, 16 Fed. Prac. & Proc. Juris. § 3944 (3d ed.) ("It also is conceivable that no party will file a review petition within the ten-day period, leaving for later the filing of petitions in different courts. The new system ***explicitly retains the first-filing rule*** for such situations.") (emphasis added).

In this case, U. S. Steel was the first to file in the Eighth Circuit. EPA and the Non-Profit Petitioners do not challenge this. Under these circumstances, the language in 28 U.S.C. § 2112 is clear that this Court ***must*** transfer to the Eighth Circuit.

5

### B. The Clean Air Act's Venue Provision Does Not Supersede 28 U.S.C. § 2112.

The primary opposition argument is that venue should be proper here under 42 U.S.C. § 7607(b)(1), so this Court should ignore 28 U.S.C. § 2112, forget about consolidating challenges from other courts, and proceed directly to ruling on venue under the Clean Air Act, despite no party having moved for such a ruling. This invitation to create a procedural mess is based on the false premise that the transfer requirement of 28 U.S.C. § 2112 and the venue provision of 42 U.S.C. § 7607(b)(1) are somehow in conflict and so one must govern at the expense of the other. This is not the case. As discussed above, 28 U.S.C. § 2112 is a mechanical provision for consolidating cases. It is only after the case has been consolidated under § 2112, that venue under the Clean Air Act comes into play, in which case "***that*** court, in its discretion, can determine whether a second transfer is appropriate." *See BASF Wyandotte Corp.*, 582 F.2d at 112, *citing NLRB. v. Bayside Enterprises, Inc.*, 514 F.2d 475, 476 (1st Cir. 1975) (emphasis added). Thus, at this juncture, this Court is without statutory authority to decide where venue under § 7607(b)(1) is proper. Under the "mechanical rule" in § 2112, this Court must transfer to the Eighth Circuit. Once all proceedings have been transferred to one court, then that court can determine venue. Thus, it is only ***after*** the mandated § 2112 transfer that 42 U.S.C.

§ 7607(b)(1) would come into play. But it can only be decided by the court where the petition was first filed under § 2112.[2]

This interplay between 28 U.S.C. § 2112 and 42 U.S.C. § 7607(b)(1) has been addressed in prior cases. For example, in *National Parks Conservation Association v. EPA*, petitioners filed a challenge to the 2017 Texas State Implementation Plan ("SIP") and Transport Rule under the Clean Air Act. 991 F.3d at 682. The challenge was first filed in the D.C. Circuit, so the Fifth Circuit had issued an order transferring the case under § 2112. *Id.* at 684. The respondents argued effectively the same thing that EPA and the Non-Profit Petitioners argue here, which is that the first-filed court was not the proper venue, so § 2112 is inapplicable and the case should stay in the Fifth Circuit. *See id.* at 685 ("Respondent-Intervenors and the EPA argue that § 2112 is inapplicable here because venue cannot 'possibly lie in the D.C. Circuit.' They argue that § 2112 applies only when the first-filed action was a 'proper' petition for review. They go on to advance the arguments previously asserted in their motion to confirm venue that venue is proper only in this Court under the CAA."). The court held that those venue cases and the respondents' venue argument were both

---

[2] Importantly, the merits of venue and whether the Rule is nationally or regionally applicable under 42 U.S.C. § 7607(b)(1) are already being briefed in the Eighth Circuit on a motion filed by EPA. U. S. Steel has responded to all of EPA's and the Non-Profit Petitioners' arguments in those briefs. *See* EPA Motion to Dismiss or Transfer, Case No. 24-1946, Doc. #5395251 (8th Circuit), dated May 17, 2024; U.S. Steel Response, Case No. 24-1946, Doc. #5398085 (8th Circuit), dated May 28, 2024.  EPA's reply is due June 4, 2024, the same day as this brief.

7

irrelevant. *Id*. at 684 ("Although Respondent-Intervenors direct us to cases wherein this Court has determined venue under the Clean Air Act ("CAA"), a close look at the procedural history of those cases shows that the Petitions for Review in those cases were first filed here. Those cases are thus inapposite."). The court subsequently concluded that 28 U.S.C. § 2112 mandated transfer to the circuit in which the proceedings were first filed, and then after that, the first-filed court is free to decide venue under the Clean Air Act:

> As noted by a sister circuit, however, "it is for the court where the first petition was filed to assess its validity or invalidity, and to act accordingly." *Superior Indus. Int'l*, 865 F.2d at 2 (citation omitted). Should the D.C. Circuit conclude that venue in the first-filed petition for review is improper in its court under the CAA, then it will be free to transfer the proceeding to an appropriate venue. See *id*. However, that is a decision the D.C. Circuit should make, not this Court.

*Id*. at 685. The above case shows precisely how § 2112 and § 7607(b)(1) work in tandem with each other.

The cases cited by the opposition do not say otherwise. For example, in *Dayton Power & Light Co. v. EPA*, the first petition challenging an EPA final action was filed in the Sixth Circuit. 520 F.2d 703, 706 (6th Cir. 1975). Thus, while the court concluded that, under the Clean Air Act venue provisions (formerly §1857h-5(b)), the regulations being challenged were nationally applicable and therefore should be reviewed by the D.C. Circuit, the reason why § 2112 was "inapplicable" as EPA cites is because the question of venue was before the proper court already.

8

This holding is not inconsistent with U. S. Steel's position that the court where the petition was first filed determines venue under § 7607(b)(1). This is exactly what the Sixth Circuit did in *Dayton*.

In *Nat. Res. Def. Council v. EPA*, the court notes that the petitioners "had filed the earliest petitions simultaneously in the Fourth, Fifth, and D. C. Circuits respectively. Because of the simultaneous filings, no court of first filing existed, and the EPA could not properly file the record as required by 28 U.S.C. § 2112(a) (1976)." 673 F.2d 392, 396 (D.C. Cir. 1980). Thus, § 2112 was inapplicable only because there was no court of first filing, not because the provision is wholly inapplicable under the Clean Air Act, as EPA claims.

### C. Disregarding 28 U.S.C. § 2112 Will Create Confusion and Risks Conflicting Orders

While the opposition argues that chaos will ensue from transferring these cases to the Eighth Circuit, it is their invitation to ignore 28 U.S.C § 2112 that would create conflict. As noted above, EPA has already raised the same venue arguments in the Eighth Circuit that it raises in its response, and U. S. Steel has disputed them there. *Supra* n.2. U. S. Steel seeks to consolidate in one court which will decide the issue. EPA seeks to complicate matters by arguing venue in two courts simultaneously, potentially creating two conflicting rulings. This scenario is precisely what Congress sought to avoid through 28 U.S.C. § 2112. *See Bayside Enterprises, Inc.*, 514 F.2d at 476 ("The statute's purpose is…to avoid confusion and duplication by the

9

courts."); *BASF Wyandotte Corp.*,, 582 F.2d at 111, *quoting* Senator Eastland in 104 Cong.Rec. 17537 (1958) ("[T]he overall general purpose of the legislation was 'to save time and expense'; 'to facilitate the review by the courts of appeals of orders of administrative agencies subject to review by the courts of appeals'; and to ensure 'that the adoption of this legislation would result in the saving of time on the part of the court of appeals'").

### III. U. S. Steel Has Not Waived Venue.

EPA claims that U. S. Steel did not raise venue in the 2003 Taconite MACT litigation and the 2020 Taconite MACT RTR litigation, insinuating that U. S. Steel has somehow waived arguing venue with respect to the Rule. EPA Opp. at p. 17. This is argument is misleading and inaccurate. First, EPA offers no reason why U. S. Steel's participation as an intervenor for the respondent in the 2020 case would be relevant the 2003 Taconite MACT litigation. Second, the 2003 Taconite MACT litigation was dismissed by the petitioners almost two decades ago. Third, U. S. Steel has moved to intervene in the 2020 Taconite MACT RTR litigation, which motion remains pending in this Court, the D.C. Circuit. Therefore, U. S. Steel has not had the opportunity to challenge venue in that litigation.

Finally, it is worth noting that the Rule, the 2003 Taconite Rule, and the 2020 Taconite Rule are all distinct final actions taken by EPA, which were also challenged for distinct reasons by Petitioners. Using these other rule challenges to argue waiver

10

in this case is an absurd position and demonstrates how few arguments EPA has under § 2112 in opposing transfer of this case to the Eighth Circuit.

## CONCLUSION

For the foregoing reasons, U. S. Steel respectfully requests that, pursuant to 28 U.S.C. § 2112, this Court transfer the consolidated challenges to the Rule to the Eighth Circuit as the court in which proceedings were first initiated.

Dated: June 4, 2024

Respectfully submitted,

/s/ John D. Lazzaretti_____
John D. Lazzaretti (OH 0080780)
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
john.lazzaretti@squirepb.com

*Counsel for Petitioner United States Steel Corporation*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Reply complies with the requirements of Fed. R. App. P. 27(d)(2)(C) because it contains 2,727 words according to the count of Microsoft Word, excluding parts of the motion exempted by Fed. R. App. P. 32(f), and is therefore within the extended word limit of 4,000 words granted by the Clerk's Order, dated June 3, 2024.

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion was prepared in Microsoft Word with the proportionally spaced typeface of Times New Roman 14-point.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 4, 2024, I electronically filed the foregoing Reply in Support of its Motion to Transfer and to Defer Filing the Record with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                /s/John D. Lazzaretti
                                                John D. Lazzaretti
                                                *Counsel for Petitioner*
                                                *United States Steel Corporation*