# United States Court of Appeals
## For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 20-1392** | **September Term, 2024** |
| | EPA-85FR45476 |
| | Filed On: October 3, 2024 |

State of Minnesota, by and through the Minnesota Pollution Control Agency and State of Michigan, by and through the Michigan Department of Environment, Great Lakes, and Energy,

        Petitioners

    v.

Michael S. Regan, in his official capacity as Administrator, United States Environmental Protection Agency and Environmental Protection Agency,

        Respondents

------------------------------

Consolidated with 20-1393

_____

# No. 24-1107

Fond du Lac Band of Lake Superior Chippewa, et al.,

        Petitioners

    v.

Environmental Protection Agency and Michael Regan, Administrator, U.S. Environmental Protection Agency,

        Respondents

------------------------------

American Iron and Steel Institute and United States Steel Corporation,

        Intervenors

------------------------------

Consolidated with 24-1109, 24-1110, 24-1211, 24-1212

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-1392**                      **September Term, 2024**

**BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

## O R D E R

Upon consideration of the motions to transfer in No. 24-1107, et al., the responses thereto, the replies, and the supplement filed June 18, 2024; the motions for a stay in No. 24-1107, et al., the responses thereto, and the replies; the notice of intent to participate as amici curiae in No. 24-1107, et al., which the court construes as a motion for leave to file an opposition to the stay motions, and the opposition; and the motion to consolidate No. 24-1107, et al., with No. 20-1392, et al., the responses thereto, and the replies, it is

**ORDERED** that the motions to transfer be denied. In light of the Eighth Circuit's transfer of No. 24-1211 and No. 24-1212 to this court, petitioners have not shown that transfer to the Eighth Circuit is warranted. It is

**FURTHER ORDERED** that the motion for leave to file an opposition to the stay motions be granted. It is

**FURTHER ORDERED** that the motions for a stay be denied. Petitioners have not satisfied the stringent requirements for a stay pending judicial review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021).

On the merits, petitioners have not made a strong showing that they are likely to succeed in their arguments that the Environmental Protection Agency ("EPA") was not required to regulate mercury emissions from taconite iron ore processing facilities or that it should have considered costs in setting a floor standard under 42 U.S.C. § 7412(d)(3). See Louisiana Env't Action Network v. EPA, 955 F.3d 1088, 1096-1100 (D.C. Cir. 2020); Ass'n of Battery Recyclers, Inc. v. EPA, 716 F.3d 667, 673 (D.C. Cir. 2013) (stating that Clean Air Act bars EPA from considering costs when setting a floor standard under § 7412(d)(3)). Additionally, petitioners have not made a strong showing that they are likely to succeed in their argument that EPA acted arbitrarily or capriciously in how it considered the variability of mercury emissions or in deciding to regulate acid gases directly rather than through a surrogate.

As to irreparable harm, petitioners have not shown which of their alleged compliance costs would be attributable to EPA's rule rather than to Minnesota's state plan that requires petitioners to reduce mercury emissions. Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) (party seeking a stay "must show that the alleged harm will directly result from the action which the movant seeks to enjoin"). Moreover, petitioners have not demonstrated that any injury from compliance

# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 20-1392**                                                      **September Term, 2024**

costs would be certain and great during the time it would take this court to resolve the petitions for review. <u>See</u> <u>id.</u>  It is

    **FURTHER ORDERED** that consideration of the motion to consolidate be deferred pending further order of the court.  The parties in No. 24-1107, et al., and No. 20-1392, et al., are directed to file, within 14 days of this order, statements of issues to be raised.  It is

    **FURTHER ORDERED** that the parties in No. 20-1392, et al., file motions to govern within 30 days of this order.  While not otherwise limited, the parties are directed to address whether, and if so how, resolution of the issues raised in No. 20-1392, et al., could be mooted or otherwise affected by resolution of No. 24-1107, et al., or by resolution of petitions for agency reconsideration of the rule challenged in No. 24-1107, et al.

**<u>Per Curiam</u>**

                         **FOR THE COURT:**
                         Mark J. Langer, Clerk

            BY:    /s/
                         Selena R. Gancasz
                         Deputy Clerk